IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:25-cr-402-RAH |
| | ) | |
| WILLIAM JACKSON DOOLEY | ) | |

**ORDER**

The trial of Defendant William Jackson Dooley is set to begin on September 14, 2026.  Pending before the Court is the Motion to Continue Trial filed by Defendant Dooley (doc. 109) on August 11, 2026.  For the reasons set forth below, the Court finds that the trial should be continued pursuant to 18 U.S.C. § 3161(h).

While the grant of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the Court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). However, the Act excludes from the seventy-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." §3161(h)(7)(A). In granting such a continuance, the Court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant

or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv). In addition, the Court may consider "delay resulting from any proceeding, including examinations to determine the mental competency . . . of the defendant," § 3161(h)(1)(A), and "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing, or other prompt disposition of, such motion," § 3161(h)(1)(H).  Moreover, to the extent the 70-day period may have expired, the ends of justice served by granting the continuance outweigh the best interest of the public and Defendant Dooley in a speedy trial.

Defendant Dooley is currently undergoing a competency evaluation at the Bureau of Prisons and anticipates receiving a report on or about August 22, 2026. The parties do not object to the continuance.

Accordingly, it ORDERED that the Motion to Continue Trial (doc. 109) is GRANTED, and that pursuant to § 3161(h)(1) and (7), the trial of this case is CONTINUED to the criminal term of court beginning **November 16, 2026**, at **10:00 AM** in Montgomery, Alabama.  The Magistrate Judge shall conduct a pretrial conference prior to the November 2026 term.

DONE, on this the 12th day of August 2026.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE